**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT MARTINSBURG**

**JACKIE LEE BARKER,**

        **Petitioner,**

**v.**                               **Civil Action No. 3:05CV82**
                                        **(BROADWATER)**

**THOMAS L. MCBRIDE,**
**Warden,**

        **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day the above styled case came before the Court for consideration of the Report and Recommendation of Magistrate Judge John S. Kaull, dated May 10, 2006, and the Petitioner's objections thereto filed on May 24, 2006. In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review.

The Court, after reviewing the above, is of the opinion that the Magistrate Judge's Report and Recommendation should be and is hereby **ORDERED** adopted.

Title 28 U.S.C. §2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Specifically, a state decision must be contrary to or an unreasonable application of Federal law or based upon an unreasonable interpretation of evidence. Id.

In this case the Petitioner argues and the Respondent concludes that a double jeopardy violation of the Petitioner's Constitutional rights occurred. The Magistrate Judge correctly rejects the contentions, citing United States v. Bello. In Bello the Fourth Circuit interprets

DiFrancesco, finding that "in order to determine whether an increase in the sentence is essentially a multiple punishment for the same offense [in violation of the Double Jeopardy Clause] the Court's inquiry should focus on whether the defendant had a legitimate expectation of finality as to the severity of his sentence." United States v. Bello, 767 F.2d 1065, 1070 (4th Cir. 1985).

In the state proceedings at issue, the Petitioner was sentenced for an underlying crime. At the sentencing hearing, the state initiated action on a previously filed information under the West Virginia recidivist statute. The action on the recidivist information was promptly prosecuted and resolved, at which time the Petitioner was sentenced to a greater term of incarceration in accord with the disposition of the recidivist information.

The Petitioner was aware that his initial sentence was not final and that it could be altered according to the outcome of the ongoing proceedings. A procedural flaw in the prosecution of the recidivist action is a state matter if the flaw did not alter the Petitioner's legitimate expectations. See, United States v. Lundien, 769 F.2d 981, 987 (4th Cir. 1985). Therefore, despite beginning to serve the original sentence, the Petitioner had no, "legitimate expectation of finality as to the severity of his sentence," and suffered no Constitutional double jeopardy. Bello, 767 F.2d at 1070.

For the reasons stated herein, and for those set forth in the Magistrate Judge's Report and Recommendation, the Court, **ORDERS** that the Petition for Writ of Habeas Corpus be **DENIED**. It is further **ORDERED** that this action be **DISMISSED WITH PREJUDICE** based on the reasons set forth in the Magistrate Judge's Report and Recommendation, and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to the Petitioner and all counsel

of record herein.

**DATED** this 30th day of June 2006.

W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE